**TOP BOY INTERNATIONAL, INC.,**
Appellant,

v.

**MARRIOTT CORPORATION, Appellee.**
**Patent Appeal No. 8835.**

United States Court of Customs
and Patent Appeals.
Jan. 4, 1973.

Theodore R. Scott, Melvin M. Goldenberg, Chicago, Ill. (McDougall, Hersh & Scott, Chicago, Ill.), attorneys of record, for appellant.

Richard C. Browne, Washington, D. C., attorney of record, for appellee; Francis C. Browne, Alan S. Cooper, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

PER CURIAM:

This is an appeal from the decision of the Trademark Trial and Appeal Board sustaining the opposition by appellee Marriott Corporation to appellant's application [1] for registration of the following composite service mark for drive-in restaurant services:

[A6997]

Appellee opposes registration of appellant's mark on the basis of likelihood of confusion with its registered mark BIG BOY, for hamburgers.[2] There is no question of priority, the sole issue being likelihood of confusion. While appellee also relied on use and registration of another mark [3] in its notice of opposition, it apparently dropped that reliance before the board, and in our view reliance on that mark is unnecessary.

We are of the opinion that the issues are adequately set forth and dealt with in the opinion of the Trademark Trial and Appeal Board, which appears at 165 USPQ 642 (1970). For the reasons stated therein, the decision is affirmed.

Affirmed.

LANE, Judge (dissenting).

I disagree with both the majority and the board. I find no reasonable likelihood of confusion, mistake or deception flowing from the contemporaneous use of appellant's composite mark including

---

1. Serial No. 263,131, filed January 23, 1967.

2. Registration No. 574,742, registered May 19, 1953.

3. Registration No. 561,430, registered July 15, 1952.

the words TOP BOY for drive-in restaurant services and appellee's mark BIG BOY for hamburgers.

I would agree with the board that some association might be drawn between hamburgers and drive-in restaurant services. However, when the differences between those goods and services are considered along with the visual and aural distinctions of the marks viewed in their entireties, the overall commercial impressions that are conveyed are, to me, substantially dissimilar.

I would reverse the decision of the board.